UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

CARLOS BRITO,

    Plaintiff,

v.

JUNE 18 PROPERTIES, LLC;
MONOPOLI REY, LLC d/b/a THE FOOD
TRUCK STORE and LA DELFINA
GROUP LLC d/b/a LOS PILARES
MIAMI,

    Defendants.
_____/

**COMPLAINT**

Plaintiff, CARLOS BRITO, individually and on behalf of all other similarly situated mobility-impaired individuals (hereinafter "Plaintiff"), sues JUNE 18 PROPERTIES, LLC; MONOPOLI REY, LLC d/b/a THE FOOD TRUCK STORE and LA DELFINA GROUP LLC d/b/a LOS PILARES MIAMI; (hereinafter "Defendants"), and as grounds alleges:

JURISDICTION, PARTIES, AND VENUE

1. This is an action for injunctive relief, attorneys' fees, litigation expenses, and costs pursuant to 42 U.S.C. § 12181, et seq., (the "Americans with Disabilities Act" or "ADA").

2. The Court has original jurisdiction over Plaintiff's claims arising under 42 U.S.C. § 12181, et seq. pursuant to 28 U.S.C. §§ 1331, 1343 and 42 U.S.C. § 12117(a).

3. Plaintiff, CARLOS BRITO, is an individual over eighteen years of age, with a residence in Miami-Dade County, Florida, and is otherwise *sui juris*.

4. At all times material, Defendant, JUNE 18 PROPERTIES, LLC, owned and operated a commercial property at 13400 Biscayne Boulevard, North Miami, Florida, 33181,

1

(hereinafter the "Commercial Property") and conducted a substantial amount of business in that place of public accommodation in Miami Dade County, Florida.

5. At all times material, Defendant, JUNE 18 PROPERTIES, LLC, was and is a Florida Limited Liability Company registered to conduct business in the State of Florida, with its principal place of business listed in Aventura, Florida.

6. At all times material, Defendant, MONOPOLI REY, LLC d/b/a THE FOOD TRUCK STORE, owned and/or operated a commercial restaurant within the Commercial Property and conducted a substantial amount of business in that place of public accommodation in Miami-Dade County, Florida. Defendant, MONOPOLI REY, LLC, holds itself out to the public as "THE FOOD TRUCK STORE."

7. At all times material, Defendant, MONOPOLI REY, LLC was and is a Florida Limited Liability Company, organized under the laws of the State of Florida, with its principal place of business in North Miami, Florida.

8. At all times material, Defendant, LA DELFINA GROUP LLC d/b/a LOS PILARES MIAMI, owned and/or operated a commercial restaurant within the Commercial Property and conducted a substantial amount of business in that place of public accommodation in Miami-Dade County, Florida. Defendant, LA DELFINA GROUP LLC, holds itself out to the public as "LOS PILARES MIAMI."

9. At all times material, Defendant, LA DELFINA GROUP LLC was and is a Florida Limited Liability Company, organized under the laws of the State of Florida, with its principal place of business in North Miami, Florida.

10. Venue is properly located in the Southern District of Florida because Defendants' Commercial Property is located in Miami-Dade County, Florida, Defendants regularly conduct

business within Miami-Dade County, Florida, and because a substantial part(s) of the events or omissions giving rise to these claims occurred in Miami-Dade County, Florida.

## FACTUAL ALLEGATIONS

11. Although over thirty (30) years have passed since the effective date of Title III of the ADA, Defendants have yet to make their facilities accessible to individuals with disabilities.

12. Congress provided commercial businesses one and a half years to implement the Act. The effective date was January 26, 1992. In spite of this abundant lead-time and the extensive publicity the ADA has received since 1990, Defendants have continued to discriminate against people who are disabled in ways that block them from access and use of Defendants' property and the businesses therein.

13. The ADA prohibits discrimination on the basis of disability in 28 CFR 36.201 and requires landlords and tenants to be liable for compliance.

14. Plaintiff, CARLOS BRITO, is an individual with disabilities as defined by and pursuant to the ADA. Plaintiff, CARLOS BRITO, is, among other things, a paraplegic (paralyzed from his T-6 vertebrae down) and is therefore substantially limited in major life activities due to his impairment, including, but not limited to, not being able to walk or stand. Plaintiff requires the use of a wheelchair to ambulate.

15. The Plaintiff is a staunch advocate of the ADA. Since becoming aware of his rights, and their repeated infringement, he has dedicated his life to this cause so that he, and others like him, may have full and equal enjoyment of public accommodations without the fear of discrimination and repeated exposure to architectural barriers in violation of the ADA.

16. He is often frustrated and disheartened by the repetitiveness of the complaints he is forced to make to employees and management at different places of public accommodation

over thirty (30) years after the legislation of the ADA, to no avail. The Plaintiff is accordingly of the belief that the only way to affect change is through the mechanisms provided under the ADA.

17. Defendant, JUNE 18 PROPERTIES, LLC, owns, operates, and oversees the Commercial Property, its general parking lot and parking spots specific to the businesses therein, located in Miami Dade County, Florida, that is the subject of this Action.

18. The subject Commercial Property is open to the public. The individual Plaintiff visits the Commercial Property and businesses located within the commercial property, to include visits to the Commercial Property and business located within the Commercial Property on or about November 17, 2024 and December 12, 2024, and encountered multiple violations of the ADA that directly affected his ability to use and enjoy the Commercial Property. He often visits the Commercial Property in order to avail himself of the goods and services offered there, and because it is approximately thirty-seven (37) miles from his residence and is near other businesses and restaurants he frequents as a patron. He plans to return to the Commercial Property within four (4) months of the filing of this Complaint, in order to avail himself of the goods and services offered at the place of public accommodation and check if it has been remediated of the ADA violations he encountered.

19. The Plaintiff found the Commercial Property and the businesses named herein located within the Commercial Property to be rife with ADA violations. The Plaintiff encountered architectural barriers at the Commercial Property, and businesses named herein located within the Commercial Property, and wishes to continue his patronage and use of each of the premises.

20. The Plaintiff has encountered architectural barriers that are in violation of the ADA at the subject Commercial Property and businesses located within the Commercial Property. The barriers to access at the Commercial Property, and businesses within, have each denied or

diminished Plaintiff's ability to visit the Commercial Property and have endangered his safety in violation of the ADA. The barriers to access, which are set forth below, have likewise posed a risk of injury(ies), embarrassment, and discomfort to Plaintiff, CARLOS BRITO, and others similarly situated.

21. Defendants, JUNE 18 PROPERTIES, LLC; MONOPOLI REY, LLC and LA DELFINA GROUP LLC, own and/or operate places of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201 (a) and 36.104. Defendants, JUNE 18 PROPERTIES, LLC; MONOPOLI REY, LLC and LA DELFINA GROUP LLC, are responsible for complying with the obligations of the ADA. The place of public accommodation where Defendants, JUNE 18 PROPERTIES, LLC; MONOPOLI REY, LLC and LA DELFINA GROUP LLC, own and/or operate are the Commercial Property and/or Business located at 13400 Biscayne Boulevard, North Miami, Florida, 33181.

22. Defendants, JUNE 18 PROPERTIES, LLC; and MONOPOLI REY, LLC are jointly and severally liable and responsible for all the violations listed in Count II of this Complaint. Defendants, JUNE 18 PROPERTIES, LLC; and LA DELFINA GROUP LLC are jointly and severally liable and responsible for all the violations listed in Count III of this Complaint. Defendant, JUNE 18 PROPERTIES, LLC as landlord of the commercial property is liable for all the violations listed in this Complaint.

23. Plaintiff, CARLOS BRITO, has a realistic, credible, existing, and continuing threat of discrimination from the Defendants' non-compliance with the ADA with respect to the described Commercial Property, and with respect to the allegations of this Complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination at the Commercial Property, in violation of the ADA. Plaintiff desires to visit the Commercial Property

and business located therein, not only to avail himself of the services available at the Commercial Property, but to assure himself that the Commercial Property and business therein are in compliance with the ADA, so that he and others similarly situated will have full and equal enjoyment of the Commercial Property without fear of discrimination.

24. Defendants have discriminated against the individual Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the Commercial Property and business located therein, as prohibited by 42 U.S.C. § 12182 et seq.

### COUNT I – ADA VIOLATIONS AS TO DEFENDANT JUNE 18 PROPERTIES, LLC

25. The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 24 above as though fully set forth herein.

26. Defendant, JUNE 18 PROPERTIES, LLC, has discriminated, and continues to discriminate against Plaintiff in violation of the ADA by failing, inter alia, to have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendants have 10 or fewer employees and gross receipts of $500,000 or less). A list of the violations that Plaintiff encountered during his visit to the Commercial Property are the following:

A. Parking

i. Plaintiff had difficulty exiting the vehicle, as designated accessible parking spaces are located on an excessive slope. Violation: there are accessible parking spaces located on an excessive slope violating Section 4.6.3 of the ADAAG and Section 502.4 of the 2010 ADA Standards, whose resolution is readily achievable.

B. Entrance Access and Path of Travel

i. Plaintiff had difficulty traversing the path of travel, as it is not continuous and accessible.

Violation: there are inaccessible routes from the public sidewalk and transportation stop. These are violations of the requirements in Sections 4.3.2(1), 4.3.8, 4.5.1, and 4.5.2 of the ADAAG and Sections 206.2.1, 302.1, 303, and 402.2 of the 2010 ADA Standards, whose resolution is readily achievable.

ii. Plaintiff had difficulty traversing the path of travel due to abrupt changes in level. Violation: there are changes in levels of greater than half (½) an inch, violating Sections 4.3.8 and 4.5.2 of the ADAAG and Section 303 of the 2010 ADA Standards, whose resolution is readily achievable.

iii. Plaintiff had difficulty using some of the curb ramps, as the slopes are excessive. Violation: there are curb ramps at the facility that contain excessive slopes, violating Section 4.7.2 of the ADAAG and Sections 405.2 and 406.1 of the 2010 ADA Standards, whose resolution is readily achievable.

iv. There are objects on the path of travel that protrude more than the maximum allowable, violating Section 4.4.1 of ADAAG and Section 307.2 of the 2010 ADA Standards, whose resolution is readily achievable.

## COUNT II – ADA VIOLATIONS AS TO DEFENDANTS JUNE 18 PROPERTIES, LLC AND MONOPOLI REY, LLC

27. The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 24 above as though fully set forth herein.

28. Defendants, JUNE 18 PROPERTIES, LLC, and MONOPOLI REY, LLC, have discriminated, and continue to discriminate, against Plaintiff in violation of the ADA by failing, inter alia, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). A list of the violations that Plaintiff encountered during his visit to the Commercial Property and Business, include but are

7

not limited to, the following:

    A. <u>Access to Goods and Services</u>

i. There is seating provided at the facility that does not comply with the standards prescribed in Section 4.32 of the ADAAG and Sections 226 & 902 of the 2010 ADA Standards, whose resolution is readily achievable.

    B. <u>Public Restrooms</u>

i. Plaintiff had difficulty using the locking mechanism on the restroom door without assistance, as it requires tight grasping. Violation: the restroom door has non-compliant hardware for disabled patrons, violating Sections 4.13.9 & 4.27.4 of the ADAAG and Sections 309.4 & 404.2.7 of the 2010 ADA Standards, whose resolution is readily achievable.

ii. Plaintiff was exposed to a cutting/burning hazard because the lavatory pipes are not wrapped. Violation: the lavatory pipes are not fully insulated or maintained violating Section 4.19.4 of the ADAAG and Section 606.5 of the 2010 ADA Standards, whose resolution is readily achievable.

iii. Plaintiff could not use the mirror, as it is mounted too high. Violation: the mirrors provided in the restrooms are in violation of the requirements in Section 4.19.6 of the ADAAG and Section 603.3 of the 2010 ADA Standards, whose resolution is readily achievable.

iv. Plaintiff had difficulty using the toilet without assistance, as it is not mounted at the required distance from the side wall. Violation: the water closet is mounted at a non-compliant distance from the side wall, violating Section 4.16.2 and Figure 28 of the ADAAG and Section 604.2 of the 2010 ADA Standards, whose resolution is readily achievable.

v. Plaintiff could not transfer to the toilet without assistance, as the grab bars are not mounted at the required height and the side grab bar is not mounted at the required location.  Violation:

      the grab bars do not comply with the requirements prescribed in Section 4.16.4 & Figure 29 of the ADAAG and Sections 604.5 & 609.4 of the 2010 ADA Standards, whose resolution is readily achievable.

vi.   Plaintiff could not use the toilet paper dispenser without assistance, as it is not mounted at the required location. Violation: the toilet paper dispenser is not mounted in accordance with Section 4.16.6 and Figure 29 of the ADAAG and Section 604.7 of the 2010 ADA Standards, whose resolution is readily achievable.

vii.   Plaintiff could not use the coat hook without assistance, as it is mounted too high. Violation: there are coat hooks provided for public use in the restroom, outside the reach ranges prescribed in Sections 4.2.5, 4.2.6, and 4.25.3 of the ADAAG and Sections 308 and 604.8.3 of the 2010 ADA Standards, whose resolution is readily achievable.

### COUNT III – ADA VIOLATIONS AS TO DEFENDANTS JUNE 18 PROPERTIES, LLC AND LA DELFINA GROUP LLC

29.    The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 24 above as though fully set forth herein.

30.    Defendants, JUNE 18 PROPERTIES, LLC, and LA DELFINA GROUP LLC, have discriminated, and continue to discriminate, against Plaintiff in violation of the ADA by failing, *inter alia*, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). A list of the violations that Plaintiff encountered during his visit to the Commercial Property and Business, include but are not limited to, the following:

    A. <u>Access to Goods and Services</u>

i.   There is seating provided at the facility that does not comply with the standards prescribed in Section 4.32 of the ADAAG and Sections 226 & 902 of the 2010 ADA Standards, whose

9

   resolution is readily achievable.

ii. Plaintiff could not utilize the bar counter, as it is mounted too high. Violation: there are bar counters that are not at the prescribed height, violating Section 4.32.4 and 5.2 of the ADAAG and Section 902.3 of the 2010 ADA Standards, whose resolution is readily achievable.

  B. <u>Public Restrooms</u>

i. There are permanently designated interior spaces without proper signage, violating Section 4.1.3(16) and 4.30 of the ADAAG and Sections 216.2 and 703 of the 2010 ADA Standards, whose resolution is readily achievable.

ii. Plaintiff could not exit the restroom without assistance, as the required maneuvering clearance is not provided on the push side. Violation: the restroom door does not provide the required latch side clearance violating Section 4.13.6 of the ADAAG and Section 404.2.4 of the 2010 ADA Standards, whose resolution is readily achievable.

iii. Plaintiff was exposed to a cutting/burning hazard because the lavatory outside the accessible toilet compartment has pipes that are not wrapped. Violation: the lavatory pipes are not fully wrapped or insulated outside the accessible toilet compartment violating Section 4.19.4 of the ADAAG and Sections 213.3.4 & 606.5 of the 2010 ADA Standards, whose resolution is readily achievable.

iv. Plaintiff could not use the accessible toilet compartment door without assistance, as it is not self-closing and does not have compliant door hardware. Violation: the accessible toilet compartment door does not provide hardware and features that comply with Sections 4.17.5 and 4.13.9 of the ADAAG and Sections 309.4 and 604.8.1.2 of the 2010 ADA Standards, whose resolution is readily achievable.

v. Plaintiff could not flush the toilet without assistance, as the flush valve is not mounted on the

        wide area. Violation: the flush valve is not mounted on the compliant side in violation of Section 4.16.5 of the ADAAG and Section 604.6 of the 2010 ADA Standards, whose resolution is readily achievable.

vi. Plaintiff had difficulty using the toilet paper due to the roll not being located within a dispenser. Violation: elements in the restroom are not readily accessible and usable by persons with disabilities, violating 28 CFR 36.211, whose resolution is readily achievable.

vii. Plaintiff could not transfer to the toilet without assistance, as the rear grab bar is missing, and the side grab bar is not the required length. Violation: the grab bars in the accessible toilet compartment do not comply with the requirements prescribed in Section 4.17.6 of the ADAAG and Sections 604.5 and 609 of the 2010 ADA Standards, whose resolution is readily achievable.

viii. Plaintiff had difficulty using the toilet without assistance, as it is not mounted at the required distance from the side wall. Violation: the water closet in the accessible toilet compartment is mounted at a non-compliant distance from the wall in violation of Section 4.17.3 and Figure 30(a) of the ADAAG and Section 604.2 of the 2010 ADA Standards, whose resolution is readily achievable.

ix. Plaintiff could not transfer to the toilet without assistance, as the clear floor space is obstructed. Violation: the required clear floor space is not provided next to the toilet, violating Section 4.16.2 and Figure 28 of the ADAAG and Section 604.3 of the 2010 ADA Standards, whose resolution is readily achievable.

## RELIEF SOUGHT AND THE BASIS

31. Plaintiff requests an inspection of the Defendants' place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA identified in this Complaint in conjunction with Rule 34 and timely notice. Plaintiff requests to be allowed to be physically present at such inspection in conjunction with Rule 34 and timely notice. Plaintiff requests the inspection in order to participate in crafting a remediation plan to address Plaintiff's request for injunctive relief. The remediations for the ADA violations listed herein are readily achievable.

32. The individual Plaintiff, and all other individuals similarly situated, have been denied access to and have been denied full and equal enjoyment of the goods, services, facilities privileges, benefits, programs, and activities offered by the Defendants, Defendants' building, the businesses, and facilities therein; and has otherwise been discriminated against and damaged by the Defendants because of the Defendants' ADA violations as set forth above. The individual Plaintiff, and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA, as requested herein. Plaintiff requests the inspection of the barriers listed herein in order to participate in crafting a remediation plan to address Plaintiff's request for injunctive relief.

33. Defendants have discriminated against the individual Plaintiff by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility, in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, Defendants continue to discriminate against Plaintiff, and all those similarly situated, by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to

afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

34. Plaintiff is without adequate remedy at law, will suffer irreparable harm, and has a clear legal right to the relief sought. Further, injunctive relief will serve the public interest and all those similarly situated to Plaintiff. Plaintiff has retained the undersigned counsel and is entitled to recover attorneys' fees, costs, and litigation expenses from Defendants pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

35. Defendants are required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation. The Plaintiff and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.

36. Notice to a defendant is not required as a result of the defendants' failure to cure the violations by January 26, 1992 (or January 26, 1993, if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiff or waived by the Defendants.

37. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff's injunctive relief, including an order to alter the Commercial Property, and the business named herein located within the commercial property, located at and/or within the commercial property located at 13400 Biscayne Boulevard, North Miami, Florida, 33181, the exterior areas, and the common exterior areas of the Commercial Property, to make those facilities readily

accessible and useable to the Plaintiff and all other mobility-impaired persons; or by closing the facility until such time as the Defendants cure the violations of the ADA.

WHEREFORE, the Plaintiff, CARLOS BRITO, respectfully requests that this Honorable Court issue (i) injunctive relief against Defendants including an order to make all readily achievable alterations to the facilities; or to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require Defendants to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; (ii) an award of attorneys' fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205; and (iii) such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Dated: December 13, 2024

        Respectfully submitted by,

**GARCIA-MENOCAL, P.L.**
*Attorneys for Plaintiff*
350 Sevilla Avenue, Suite 200
Coral Gables, FL 33134
Telephone: (305) 553-3464
Primary E-Mail: bvirues@lawgmp.com
Secondary E-Mails: amejias@lawgmp.com
jacosta@lawgmp.com, aquezada@lawgmp.com

By: ___/s/ Beverly Virues_____
      BEVERLY VIRUES
      Florida Bar No.: 123713
      ARMANDO MEJIAS
      Florida Bar No.: 1045152

**THE LAW OFFICE OF RAMON J. DIEGO, P.A.**
*Attorneys for Plaintiff*
5001 SW 74th Court, Suite 103
Miami, FL, 33155
Telephone: (305) 350-3103

Primary E-Mail: rdiego@lawgmp.com
Secondary E-Mail: ramon@rjdiegolaw.com

By: ___/s/ Ramon J. Diego_____
   RAMON J. DIEGO
   Florida Bar No.: 689203